**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

CRIMINAL CASE NO. 06-20531
HON. LAWRENCE P. ZATKOFF

v.

STEVEN BRIAN SHOR,

      Defendant.

_____/

**SENTENCING OPINION**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 12, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

On June 28, 2007, Defendant pled guilty to Count I of the Superseding Indictment, Conspiracy to Distribute a Controlled Substance (MDMA, commonly known as Ecstasy). On October 2, 2007, the Court held a hearing for purposes of sentencing Defendant. After taking into consideration (1) the Government's sentencing memorandum, (2) the information contained in the Presentence Investigation Report ("PSR") for the Defendant, (3) the objections to the PSR by Defendant, and (4) the statements of the Defendant, defense counsel (including his request for a variance) and government counsel, for the reasons set forth below, the Court sentences Defendant to 60 months imprisonment, 5 years of supervised release and a $100.00 special assessment. All fines and costs of confinement are hereby waived.

## II. OBJECTIONS TO THE PRESENTENCE REPORT

The Rule 11 Plea Agreement entered into by the parties provided for an advisory Sentencing Guideline range of 37- 46 months based on a Total Offense Level of 23 and a Criminal History Category of I. In preparing the PSR, however, the probation department determined that Defendant's Criminal History Category should be III. The probation department determined both that (1) a 2005 arrest and conviction of Defendant in state court was not related to the current charge and (2) a charge of assault with a dangerous weapon to which Defendant pled guilty under the Holmes Youth Training Act ("HYTA") should be calculated in determining Defendant's Criminal History. The parties had not contemplated the inclusion of either those matters in calculating the guideline range under the Rule 11 Plea Agreement. As a result of including the unrelated conduct and the HYTA matter, Defendant's Criminal History increased from I to III, and the advisory Guideline range increased to 57-71 months.

Defendant makes the following objections to the PSR.

1. *Related Conduct*

The Addendum to the PSR states that "defendant was assessed three points for the February 13, 2006, conviction in Macomb County, as it was not related to the instant offense. The Macomb County conviction offense occurred on January 7, 2005, and he was arrested on December 16, 2005. In the instant offense, the charges began on February 28, 2006 . . ." Defendant objects to the probation department's determination that the conduct in the Macomb County case was not related to the underlying conduct in this case. The Government concurs with Defendant's position, although the Court is of the opinion that the Government now feels wed to the position it took at the

time the Rule 11 Plea Agreement was entered.

The Court agrees with the probation department's determination that the Macomb County conduct was unrelated. Notwithstanding that conclusion, the Court will, very reluctantly, recognize the agreement of the parties that the conduct was related, particularly as that agreement existed at the time the Rule 11 Plea Agreement was entered into by the Defendant. As such, the Court shall not assess Defendant three points for the Macomb County conviction.

This case, however, is reflective of two disturbing trends of the United States Attorney's Office, neither of which is acceptable to the Court. First, with increasing regularity, the Government has entered into Rule 11 Agreements that rely on stipulations of fact that either ignore facts or fail to adequately ascertain certain facts, specifically a defendant's criminal history. Second, the Government has demonstrated a continued adherence to its initial position in guilty pleas pursuant to Rule 11 Plea Agreements, even when it becomes clear (as in this case) that the facts stipulated to by the parties (often a defendant's criminal history) are not accurate. This Court will not blindly rubber stamp the errors of the Government in this type of situation.

2.   *Holmes Youth Training Act*

The probation department determined that Defendant's plea of guilty to the assault with a dangerous weapon charge under HYTA should be counted pursuant to §4A1.2(f), resulting in an additional two points for purposes of determining Defendant's Criminal History. Defendant argues that because there is no record of conviction under HYTA (as he was successfully discharged from the program), that matter should not be counted. The Court agrees with the probation department's determination. Under §4A1.2(f), it is clear that an admission of guilt in a judicial proceeding is counted as being sentenced under §4A1.1(c). Accordingly, the Court overrules

3

Defendant's objection on this issue.

    *3.*    *Conclusion*

Based on the conclusions reached above, the Court calculates that Defendant has a Criminal History Category of II.

## III. SENTENCING GUIDELINES

Based on the Court's determinations in Section II above, Defendant's Total Offense Level is 23, the appropriate Criminal History Category is II and the applicable Guideline range is 51-63 months. The parties agree that 51-63 months is the applicable Guideline range when a defendant has a Total Offense Level of 23 and a Criminal History Category of II.

## IV. SENTENCING FACTORS

When sentencing a defendant, the Court must consider the relevant factors from 18 U.S.C. § 3553, and articulate the reasons for its sentencing decision. *United States v. McBride,* 434 F.3d 470, 476 (6th Cir. 2006). The Court will now analyze the relevant factors as they relate to Defendant.

**1.**    **The Nature and Circumstances of the Offense**

Defendant was involved in an organization that distributed MDMA (Ecstasy). On each of five separate occasions over a three month period (between February 2006 and April 2006), Defendant sold 100-250 MDMA pills to undercover agents.

**2.**    **The History and Characteristics of the Defendant**

Defendant has been arrested, charged and convicted of felonies on numerous occasions. This

does not include Defendant's introduction to the legal system in 1992, at age 16, when he was charged with unarmed robbery in Juvenile Court. For that offense, he spent 5 weeks in youth home after receiving a "warning." In 1996, Defendant was charged with Assault with a Dangerous Weapon for throwing a beer bottle at another individual, cutting the victim's ear. In that case, he was convicted and sentenced under HYTA. In 1997, Defendant was arrested for Disorderly Person-Gambling after he was arrested for playing dice games (while drinking alcohol underage). He pled guilty and received 10 months probation.

In 2001, Defendant was charged with Controlled Substance-Delivery/Manufacture (Marijuana) after the execution of a search warrant at his home netted 200.6 grams of marijuana. On that charge, he pled guilty and was sentenced to 90 days in jail. Next, Defendant was charged with Controlled Substance-Delivery/Manufacture (Methamphetamine). Defendant sold 10 pills to an undercover agent for $120 in December 2005. He pled guilty, was sentenced to 24 months to 20 years and was sent to a Special Alternative Incarceration Boot Camp. He was paroled on September 20, 2006, then tested positive for cocaine on December 5, 2006 and opiates and cocaine on January 8, 2007.

**3.     The Seriousness of the Offense**

As discussed above**,** Defendant introduced a substantial amount of MDMA into the community, his third arrest on drug distribution charges in a five year period. Thus, the Court concludes that Defendant's offense is extremely serious.

**4.     Promote Respect for the Law and Afford Adequate Deterrence to Criminal Conduct**

As discussed above, Defendant has an ever developing criminal history, and his prior sentences have failed to promote respect for the law and afford adequate deterrence to criminal

5

conduct. In particular, Defendant pled guilty to two separate drug distribution charges, yet he continued to sell narcotics even after the second conviction and sentence. Thus, it is clear to this Court that Defendant's prior sentences have failed to deter him from committing further crimes. The Court therefore finds that a sentence near the upper end of the Guideline range is necessary in this case to promote respect for the law and afford adequate deterrence.

**5.     Protect the Public From Further Crimes of the Defendant**

Defendant has an extensive history of recidivism, as discussed above. Thus, the Court finds that a sentence near the upper end of the Guideline range is necessary to protect the public from further crimes of Defendant.

## V. CONCLUSION

Defendant's Guideline range is 51 to 63 months. For the reasons set forth above, the Court finds that a sentence in the high end of the range is necessary in this case. Thus, the Court sentences Defendant to 60 months.

IT IS SO ORDERED.

                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated:  October 12, 2007

CERTIFICATE OF SERVICE

   The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 12, 2007.

                s/Marie E. Verlinde
                Case Manager
                (810) 984-3290